PETERSON v. HAUGEN.

**Jury:** TAKING OF PAPER OFFERED IN EVIDENCE TO JURY ROOM. Where, in an action to recover the value of a lot of wheat, alleged to have been sold by the defendant, copies of a daily commercial price current were admitted in evidence, it was *held*, under section 3068 of the Revision, that these papers might properly be taken by the jury to their room when they retired for deliberation; and that having retired without them it was not erroneous for the court to send them to their room, on a request from the jury to that effect.

*Appeal from Winneshiek District Court.*

THURSDAY, JULY 25.

THE petition states that, in May, 1870, plaintiff stored with defendant six hundred and fifty bushels of wheat to be sold by defendant when he should sell his own wheat; that the wheat was sold by defendant on the 20th of July, 1870; that defendant has paid plaintiff, on account of such sale, the sum of $325, and that there is still a like sum due thereon.

The petition claims the further sum of $25 for a gun.

The answer admits the storing of the wheat, but denies that he agreed to sell the same for plaintiff, as he alleges; says that the wheat was left in store and that he now has the same on hand ready for delivery to plaintiff on demand. The answer, also, claims $90, as due from plaintiff for storage of the wheat, $300 advanced to him by defendant thereon, and $25, money had and received by plaintiff. The claim for the gun is admitted.

Issue being joined the cause was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Baker Brothers* for the appellant.

*L. Bullis* and *Willett & Bennett* for the appellee.

MILLER, J. — I. The first error complained of, is, that the verdict is against the weight of the evidence.

We have carefully examined all the evidence in the case as set out in appellant's abstract, and are satisfied that the verdict is not against its fair and reasonable preponderance. On the contrary, the verdict seems to us to be the fair logical deduction from *all* the evidence in the case. True, there is some considerable conflict in the evidence, but the preponderance, we think, sustains the verdict. If, however, it were otherwise, it is so well settled by oft repeated decisions of this court, that where the evidence is conflicting, and the court below has overruled a motion for a new trial, based upon the ground that the verdict is against the evidence, we will not disturb such ruling, unless convinced that the verdict falls short of an honest and sound exercise of judgment upon the evidence submitted to the jury. A citation of the cases is unnecessary.

II. It is next urged that the verdict is contrary to law. This general assignment is predicated on the first, viz.: That the verdict is contrary to the evidence, and appellant's argument proceeds upon his theory of the evidence. Holding that the verdict is sustained by the evidence, we hold, also, that it is not contrary to law. It is urged, however, that the verdict is against the second and fifth instructions. The second is as follows : "If you believe the contract as alleged in the petition is established, defendant would not be liable for not selling, so long as he in good faith held wheat of his own for a better price, in the absence of instructions from plaintiff to sell at a particular time. Under the alleged contract, defendant had a right to keep plaintiff's wheat as long as he kept his own, for speculation."

There is no necessary conflict between the verdict and the instruction. There is evidence tending to show that defendant had sold large quantities of his own wheat, and also evidence from which the jury might reasonably infer

Peterson v. Haugen.

that he had, in fact, sold that of the plaintiff. The instruction is based upon the hypothesis that defendant had not sold either his own or the defendant's wheat.

The fifth instruction reads as follows: " If you believe that the wheat was not received to sell, but to store, as stated in the answer, and that the defendant has the wheat ready for delivery to plaintiff, your verdict will be for the defendant for the storage of the wheat, together with the amount advanced thereon and interest, less the price of the grain."

The verdict conclusively shows that the jury did not believe the state of facts upon which this instruction is based, hence it is not in conflict therewith. The jury found a different state of facts to be true, and, therefore, arrived at a different conclusion.

III. Appellant also complains that the verdict is excessive, and in his argument we are furnished with three different computations predicated upon as many theories of the evidence. By the first it is shown that the verdict is too large by $8.78; by the second, $56.23, and by third, $68.51. The computation furnished us by appellee, shows that the verdict is $15.63 less than it should have been under the evidence. On a careful examination of the evidence, we fail to discover that the verdict is excessive.

IV. On the trial, the plaintiff gave in evidence to the jury, several copies of the " Daily Commercial Letter and
1. JURY: taking Price Current of R. Elliot & Co.," of Milwau-
of papers, of-
fered in evi- kee, Wis., of dates running from July 14, 1870,
dence, to jury
room. to the 25th of the same month, showing the state of the grain market in that city during those days. After the jury had retired to their room they sent a communication to the court requesting that these papers be sent to their room, which was done by order of the court, against defendant's objection. This ruling is assigned as error.

Whether the papers or circulars were properly admissi-

ble in evidence, if objected to, without further proof, we need not determine. They were admitted in evidence without objection, and upon retiring for deliberation, the jury had the right to take them with them to their room. Rev., § 3068. Having retired without these papers, it was proper that they should be sent to their room.

V. The 3d and 4th instructions of the court are urged as erroneous. The following are the instructions complained of:

"3. If you find that defendant took plaintiff's wheat to sell when he sold his own, and also find that he shipped plaintiff's wheat to Milwaukee with his own, and there sold it, on or before July 20, 1870, and has not rendered to plaintiff an account of sales, you will be justified in finding for plaintiff an amount equal to the value of the wheat in Milwaukee, less cost of transportation, storage and commission.

"4. The burden of proof is on the plaintiff to establish every thing material to a recovery, but if you find that defendant received plaintiff's wheat, agreeing to sell it when he sold his own, and actually sold the same and rendered no account of sales and offered no evidence to show at what he sold it, then very slight evidence on the part of plaintiff as to the current rates at which such wheat was sold is sufficient, and you will be justified in finding the sales to have been made at the highest price shown to have been received for wheat at the time of sale."

The specific objection urged to the third instruction is, that it was inapplicable to the facts of the case, that there was no evidence which would support the case supposed in the instruction. In this we cannot concur. As we have before remarked, the evidence supports the verdict. When it does so it also supports this instruction, or rather makes it applicable to the case. The jury undoubtedly

found the state of facts upon which this instruction is based, and we think properly so.

It is further claimed that this instruction is erroneous in allowing the jury to give the Milwaukee price without limiting them to any particular time.

The fourth instruction directs that the price to be allowed is that of the time of the sale of the wheat, which is correct. The instructions taken and construed together, could not operate to prejudice the defendant in this respect.

The objection urged to the fourth instruction is, that it requires the defendant to rebut a fact that never had been proved, in requiring him to show what he received for wheat which he never sold. This objection also is based upon appellant's theory of the evidence. He contends that there was no evidence that defendant had sold plaintiff's wheat. The objection resting upon this erroneous foundation of fact has nothing to stand upon, and of course must fall.

We have noticed all the objections urged by appellant to the judgment of the court below, and discovering no error to his prejudice, the judgment is

Affirmed.